*W. C. Munday, G. H. Cornwell,* contra.

---

### 18026. HAWKINS *v.* SMITH.

PER CURIAM. 1. In the instant case, giving the evidence a reasonable acceptation, it indisputably appears that the ring, which was the subject-matter of the suit in trover, was originally given by the plaintiff to the defendant in contemplation of and under a promise of marriage; that the engagement to marry was broken, and that the defendant thereupon offered to return the ring, but that the plaintiff did not actually take possession of it. There is a conflict as to the terms on which the defendant continued to keep the ring, the plaintiff testifying that after breaking the engagement the defendant was to keep the ring until called for by the plaintiff, the defendant testifying that it was regiven to her unconditionally after the engagement was broken: *Held:* It thus appearing that the only issue for determination under the evidence was whether, after the engagement was broken, there was an absolute reaffirmance of the previous gift by the plaintiff, or merely a permission to the defendant to retain the ring until called for by the plaintiff, a charge by the court "that the defendant maintains and contends that the ring in question was given to her by the plaintiff not as an engagement ring, but simply as a ring during engagement, . . [and] I charge you that if you should find from the evidence . . that the plaintiff gave the ring to the defendant not as an engagement ring, but during an engagement, and the same was accepted by the defendant, then the plaintiff would not be entitled to recover, and you should find for the defendant," was inapplicable to the single issue involved, and might reasonably have been prejudicial to the plaintiff.

2. No error otherwise appears.

*Judgment reversed. Jenkins, P. J., and Stephens and Bell, JJ., concur.*

DECIDED MARCH 3, 1928.

---

Appeal and Error, 4 C. J. p. 1036, n. 67.

Trover and Conversion, 38 Cyc. p. 2107, n. 49.

Trover; from city court of Albany—Judge Clayton Jones. March 1, 1927.

*W. H. Burt,* for plaintiff.    *S. B. Lippitt,* for defendant.